UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BATON ROUGE TOTAL CARE CENTER, A LOUISIANA LIMITED PARTNERSHIP | : CIVIL ACTION NO. 3:14-CV-168-JJB -SCR |
| | : JUDGE BRADY |
| VERSUS | : MAGISTRATE JUDGE RIEDLINGER |
| REGENCY 14333, LLC, REGENCY 14333 TENANT, LLC, MASTER TENANT, LLC, ALBERT SCHWARTZBERG AND HARRIS SCHWARTZBERG | : |

## ANSWER

NOW INTO COURT, through undersigned counsel, come defendants Regency 14333, LLC, Regency 14333 Tenant LLC, and Master Tenant, LLC ("defendants") who respond to plaintiff's Complaint ("Complaint") by denying every allegation therein except as specifically admitted as follows:

1.

The allegations contained in paragraph 1 of plaintiff's Complaint are denied, except to admit that Regency 14333, LLC and Regency 14333 Tenant LLC are limited liability companies that are formed under Delaware law and are admitted to do business in Louisiana, that Master Tenant LLC is formed under Delaware law, and that Harris Schwartzberg is a resident of the State of New York.

2.

The allegations contained in paragraph 2 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph 3 of plaintiff's Complaint are denied, except to admit that a nursing center known as "Regency Place" exists.

4.

The allegations contained in paragraph 4 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

5.

The allegations contained in paragraph 5 of plaintiff's Complaint are denied as written. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

6.

The allegations contained in paragraph 6 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of plaintiff's Complaint are admitted. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

8.

The allegations contained in paragraph 8 of plaintiff's Complaint are denied.

9.

The allegations contained in paragraph 9 of plaintiff's Complaint are denied.

10.

The allegations contained in paragraph 10 of plaintiff's Complaint are denied.

11.

The allegations contained in paragraph 11 of plaintiff's Complaint are denied.

12.

The allegations contained in paragraph 12 of plaintiff's Complaint are denied.

13.

The allegations contained in paragraph 13 of plaintiff's Complaint are denied.

14.

The allegations contained in paragraph 14 of plaintiff's Complaint are denied. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

15.

The allegations contained in paragraph 15 of plaintiff's Complaint are denied.

16.

The allegations contained in paragraph 16 of plaintiff's Complaint are denied.

17.

The allegations contained in paragraph 17 of plaintiff's Complaint are denied.

18.

The allegations contained in paragraph 18 of plaintiff's Complaint are denied.

19.

The allegations contained in paragraph 19 of plaintiff's Complaint are denied.

20.

The allegations contained in plaintiff's prayer are denied.

## **AFFIRMATIVE DEFENSES**

1.

Plaintiff's Complaint fails to state a cause of action against some or all of the defendants.

2.

Plaintiff has failed to perform its obligations under the Lease, as amended, and associated documents.

3.

Defendants contend that the Lease, as amended, was further modified through the parties' course of dealing and by the parties' further agreement.

4.

Defendants are entitled to protection by the defenses of waiver, laches, estoppel, and settlement and compromise.

5.

Plaintiff's claims are barred, in whole or in part, due to plaintiff's own conduct.

6.

Plaintiff's recovery, if any, is limited to the recovery afforded by the laws under which it asserts its claims.

7.

Some or all of the damages allegedly suffered by plaintiff, if any, were occasioned, if at all, by acts or omissions of plaintiff.

8.

Plaintiff's damages, if any, may be due to the acts or omissions of third parties over whom defendants had no control or right of control.

9.

Plaintiff failed to mitigate the damages it claims in this action.

10.

In the event this Court finds that defendants are liable to plaintiff for any alleged damages, which is specifically denied, defendants are entitled to an offset of plaintiff's alleged damages by any and all other amounts of damages plaintiff suffered as a result of its failure to mitigate its alleged damages and any and all amounts of damages plaintiff caused itself by its own acts or omissions.

11.

In the event this Court finds that defendants are liable to plaintiff for any alleged damages, which is specifically denied, the legal fault, negligence, and want of care on the part of

plaintiff contributed to the causation of any alleged injury or damage to plaintiff and comparatively reduces any liability on the part of defendants.

12.

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

WHEREFORE, defendants Regency 14333, LLC, Regency 14333 Tenant LLC, and Master Tenant, LLC pray that this answer be deemed good and sufficient and that after all due proceedings are had, there be judgment herein in favor of defendants and against plaintiff, dismissing plaintiff's Complaint with prejudice and at plaintiff's cost. Defendants further pray for their costs, reasonable attorney fees, and for all further just and equitable relief to which they are entitled.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:  /s/ Jonathan C. Benda
Jonathan C. Benda, Bar Roll No. 17464
Susan W. Furr, T.A., Bar Roll No. 19582
Betty Burke Uzee, Bar Roll No. 29113
II City Plaza • Suite 1100
400 Convention Street
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
E-mail: Jon.Benda@phelps.com
        Susie.Furr@phelps.com
        Betty.Uzee@phelps.com

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served on this 21st day of April, 2014, to all counsel of record by the Court's CM/ECF system.

/s/ Jonathan C. Benda