UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BATON ROUGE TOTAL CARE CENTER,** **A LOUISIANA LIMITED PARTNERSHIP** | : CIVIL ACTION NO. 3:14-CV-168-JJB -SCR |
| | : JUDGE BRADY |
| **VERSUS** | |
| | : MAGISTRATE JUDGE RIEDLINGER |
| **REGENCY 14333, LLC, REGENCY 14333 TENANT, LLC, MASTER TENANT, LLC, ALBERT SCHWARTZBERG AND HARRIS SCHWARTZBERG** | : : |

STATUS REPORT

**A.     JURISDICTION**

What is the basis for the jurisdiction of the Court?

28 U.S.C. §1332, diversity of citizenship, because plaintiff and defendants are citizens of different states and because the amount in controversy exceeds $75,000.

**B.     BRIEF EXPLANATION OF THE CASE**

1.  Plaintiff Claims: Plaintiff, Baton Rouge Total Care Center ("BRTC"), is the owner of an assisted living center in Baton Rouge, Louisiana which is leased/subleased to Regency 14333, LLC, Regency 14333 Tenant, LLC, and Master Tenant, LLC under a written lease dated January 1, 2004. The obligations of the lessees under the lease are guaranteed by the defendants Albert Schwartzberg and Harris Schwartzberg. The written lease contains a rent adjustment provision under which the rents are adjusted annually according to a formula utilizing the *Consumer Price Index,* with a maximum increase of 3% and a minimum increase of 1% per year. BRTC recently discovered that Regency 14333, LLC, Regency 14333 Tenant, LLC, and Master Tenant, LLC had incorrectly calculated the correct rent increases since January 1, 2006 and had apparently been paying the minimum rent increases of 1% annually, rather than the increase due per the *CPI* formula. The total shortfall in rent payments through the date that this suit was filed is $182,487.79. BRTC seeks this amount from all defendants, together with shortfalls in rent payments from January 2014 through judgment, attorneys fees and the acceleration of all rents due through the remaining term of the written lease.

2.  Defendants claim: Defendants, Regency 14333, LLC, Regency 14333 Tenant, LLC, and Master Tenant, LLC ("defendants") deny plaintiff's claims in their entirety. Defendants do not owe plaintiff any rent and defendants have upheld

their obligations under the terms of the applicable lease. Plaintiff's claim lacks any legal basis.

**C.     PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

None.

**D.     ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Plaintiff:

Plaintiff knows of no legal issues in dispute. The matter involves calculation of rent increases due under the terms of a written lease, which is tied to the *Consumer Price Index*. The *Consumer Price Index* is published by a department of the United States government and is not subject to dispute. Plaintiff does not believe that the amount of rent installments paid by the Defendants is disputed. Therefore the claim is simply a matter of performing rudimentary math.

Defendants:

1. Whether defendants fully complied with their obligations under the applicable lease, including payment of all rents due.

2. Whether the lease was further modified through the parties' course of dealing and by the parties' further agreement.

3. Whether plaintiff has failed to perform its obligations under the lease, as amended, and associated documents.

4. Whether plaintiff failed to mitigate the damages it claims in this action.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

   1.     Plaintiff's calculation of damages:

The written lease contains a rent adjustment provision under which the rents are adjusted annually according to a formula utilizing the *Consumer Price Index,* with a maximum increase of 3% and a minimum increase of 1% per year. BRTC recently discovered that Regency 14333, LLC, Regency 14333 Tenant, LLC, and

>Master Tenant, LLC had incorrectly calculated the correct rent increases since January 1, 2006 and had apparently been paying the minimum rent increases of 1% annually, rather than the increase due per the *CPI* formula.  The total shortfall in rent payments through the date that this suit was filed is $182,487.79.  BRTC seeks this amount from all defendants, together with shortfalls in rent payments from January 2014 through judgment, attorneys fees and the acceleration of all rents due through the remaining term of the written lease.
>
>2. Defendant's calculation of offset and/or plaintiff's damages:
>
>Defendants contend that plaintiff is not entitled to any rents, damages, attorney's fees or costs.  Any damages recoverable by plaintiff, if any, are subject to offsets by amounts attributable to plaintiff's failure to mitigate its damages and any and all amounts of damages plaintiff caused itself by its own acts or omissions.

**F.        SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

Defendants Albert and Harris Schwartzberg have not been served, which plaintiff has acknowledged.  These individuals have refused to accept Long Arm service by certidied mail.  They have been residents of the State of New and Plaintiff is in contact with third parties in an attempt to have these individuals personally served.

>1. Have the initial disclosures required under FRCP 26(a)(1) been completed?
>
>[ ] YES [**X**] NO
>
>>A. Do any parties object to initial disclosures?
>>
>>[ ] YES [**X**] NO
>
>For any party who answered *yes*, please explain your reasons for objecting.
>
>>B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.
>>
>>None.
>
>2. Briefly describe any discovery that has been completed or is in progress:
>
>>By Plaintiff:  None at this time; however, Plaintiff intends to propound written discovery to the defendants and after review of the responses thereto, will determine if Plaintiff desires to depose and agents, officers or employees of the defendants.

>By defendant(s):  None at this time; however, defendants intend to propound written discovery after the parties exchange initial disclosures and thereafter depose plaintiff.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

>Defendants:  Defendants may require a protective order during the course of discovery to address confidential, proprietary, and patient information. Defendants reserve the right to seek protective orders on other matters, if necessary, as discovery continues.

4. Discovery from experts:

>Identify the subject matter(s) as to which expert testimony will be offered:

>Plaintiff:  Undetermined at this time, although Plaintiff does not anticipate at this time that it will retain an expert.

>Defendants:  Undetermined at this time, although defendants anticipate that they may retain an expert.

**H.   PROPOSED SCHEDULING ORDER**

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims:

>July 25, 2014.  Defendants are currently evaluating grounds for a counterclaim.

2. Recommended deadlines for completion of fact discovery:

>A. Exchanging initial disclosures required by FRCP 26(a)(1):

>>June 25, 2014

>B. Filing all discovery motions and completing all discovery except Experts:

>>Plaintiff proposes: October 31, 2014

>>Defendants propose: March 31, 2015

3. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

>Plaintiff proposes:

    Plaintiff(s): December 31, 2014

    Defendant(s): January 31, 2015

  Defendants propose:

    Plaintiff(s): May 25, 2015

    Defendant(s): July 24, 2015

4. Exchange of expert reports:

  Plaintiff proposes:

    Plaintiff(s): February 28, 2015

    Defendant(s): March 31, 2015

  Defendants propose:

    Plaintiff(s): June 25, 2015

    Defendant(s): August 25, 2015

  Completion of discovery from experts: Plaintiff proposes: April 30, 2015
Defendants Propose: September 25, 2015

5. Filing dispositive motions and Daubert motions: Plaintiff proposes: May 31, 2015
Defendants Propose: December 7, 2015

6. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined by the magistrate judge based on the presiding judge's schedule, within the following general parameters[1]:

 a. Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

 b. Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

 c. Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

 d. Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

      e.      Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

      f.      Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

      g.      Trial date (approximately 27-29 weeks after dispositive motion deadline).

8.      If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

      Not applicable.

## I.    TRIAL

1.      Has a demand for trial by jury been made?

      [ ] YES      [**X**] NO

2.      Estimate the number of days that trial will require.

      Plaintiff:  1 day  Defendants:  2 days

## J.    OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?
      Defendants:  [ ] YES [**X**] NO

      1.      If the answer is *yes*, please explain:

      2.      If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED PROPOSED DEADLINES.**

      Defendants: [ ] YES [**X**] NO

## K.    SETTLEMENT

1.      Please set forth what efforts, if any, the parties have made to settle this case to date.

      The parties have preliminarily discussed settlement but no proposals have been exchanged.

2.      Do the parties wish to have a settlement conference:

Plaintiff: Yes

Defendants: Not at this time. However, defendants may be amenable to participating in a settlement conference in the future.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES  [ **X** ] NO