UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE TOTAL CARE CENTER,
A LOUISIANA LIMITED PARTNERSHIP

VERSUS

REGENCY 14333, LLC, ET AL

CIVIL ACTION

NUMBER 14-168-JJB-SCR

**SCHEDULING ORDER**
**(INCLUDING PRETRIAL CONFERENCE AND TRIAL DATES)**

A scheduling conference was held on June 26, 2014.

PRESENT   R. Loren Kleinpeter
          Attorney for plaintiff

          Betty B. Uzee
          Attorney for defendants
              Regency 14333, LLC,
              Regency 14333 Tenant, LLC, and
              Master Tenant, LLC

Counsel for the plaintiffs advised the court regarding his efforts to serve defendants Albert Schwartzberg and Harris Schwartzberg. Counsel asserted that these defendants may be avoiding service. The court reminded counsel of the provisions of Rule 4(m), Fed.R.Civ.P.

This case will be reviewed after the time to serve defendants Albert Schwartzberg and Harris Schwartzberg, as provided by Rule 4(m), has expired to determine whether the claims against them should be dismissed for failure to timely serve them.

Counsel advised that the Rule 26(a)(1), Fed.R.Civ.P., initial

C-32a;T-:22

disclosures have been completed as to the plaintiff and the defendants which have appeared in the case.

Considering the information in the Status Report,[1] the following scheduling order is entered pursuant to Rule 16, Fed.R.Civ.P.

    A.    All fact discovery shall be completed, and motions to compel fact discovery shall be filed, by March 31, 2015.

    B.    Any defendant served after the date of the scheduling conference shall make the initial disclosures required by Rule 26(a)(1), Fed.R.Civ.P., within the time provided by Rule 26(a)(1)(D).

    C.    Motions to amend the pleadings to add new parties or claims shall be filed by July 25, 2014.

    D.    Plaintiff shall make the disclosure of persons who may be used at trial to present evidence under Rules 702, 703 or 705, Fed.R.Evid., by December 31, 2014. Defendants shall disclose such persons by January 31, 2015.

    E.    Any person who will offer expert testimony for the plaintiff who is required by Rule 26(a)(2)(B), Fed.R.Civ.P., to produce a report shall produce such report by March 31, 2015. Defendants shall produce any required expert reports by April 31, 2015.

    F.    Expert discovery, including depositions of expert witnesses, shall be completed by May 31, 2015.

    G.    Dispositive motions shall be filed by April 15, 2015 **and *Daubert* motions** shall be filed by June 15, 2015.

    H.    The parties shall file the final pretrial order by August 14, 2015. (Refer to the court's website for the district judge's pretrial order form.)[2]

---

[1] Record document number 6.

[2] The instructions can be found on the court's internet website at http://www.lamd.uscourts.gov/case-related-forms. Strict compliance with these instructions will be required.

    I.    The final pretrial conference is set for October 2, 2015 at 1:30 p.m., in the chambers of the district judge.

    J.    Motions in limine shall be filed by October 10, 2015. Response to motions in limine shall be filed by October 31, 2015.

    K.    The parties shall file an affidavit describing their settlement efforts by November 7, 2015.

    L.    Trial briefs shall be filed by November 21, 2015.

    M.    The case is assigned for a bench trial on December 8 - 9, 2015, at 9:00 a.m. in Courtroom 1.

The time limits set forth in this order shall not be modified except by leave of court upon a showing of good cause. Joint, agreed or unopposed motions to extend scheduling order deadlines will not be granted automatically. All motions to extend scheduling order deadlines must be supported by facts sufficient to find good cause as required by Rule 16, Fed.R.Civ.P. A second and any subsequent motion to extend the scheduling order deadlines must be supported with detailed information describing the discovery already completed, what necessary discovery remains, the parties efforts to complete the remaining discovery by the deadline, and any additional information showing that the parties have diligently pursued their discovery. Motions for reconsideration by the magistrate judge of rulings granting or denying extensions of scheduling order deadlines will be considered as motions under either Rule 59 or Rule 60, Fed.R.Civ.P., depending on when the motion for reconsideration is filed. *See Lavespere v. Niagra Machine Tool Works*, 910 F.2d 167 (5th Cir. 1990), *cert.*

*denied*, 510 U.S. 859, 114 S.Ct. 171 (1993).

**Motions to extend or otherwise change the deadlines in items H - M (pretrial order, pretrial conference, motions in limine, settlement affidavit, trial briefs, and trial date) shall be directed to the district judge.**

Additionally, counsel are to confer promptly to discuss a rational commercial solution to this litigation.  Within 15 days of expiration of the discovery deadline in "A" above, plaintiff is to convey to defendants an offer of settlement or inform defendants that no settlement is possible.  Defendants are to respond within 15 days from receipt of such offer.

Baton Rouge, Louisiana, July 2, 2014.

                                                                    /s/ Stephen C. Riedlinger
                                                                    STEPHEN C. RIEDLINGER
                                                                    UNITED STATES MAGISTRATE JUDGE