## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BATON ROUGE TOTAL CARE CENTER, A LOUISIANA LIMITED PARTNERSHIP** | : | **CIVIL ACTION NO. 3:14-CV-168-JWD - SCR** |
| | : | |
| **VERSUS** | : | **JUDGE DEGRAVELLES** |
| | : | |
| **REGENCY 14333, LLC, REGENCY 14333 TENANT, LLC, MASTER TENANT, LLC, ALBERT SCHWARTZBERG AND HARRIS SCHWARTZBERG** | : | **MAGISTRATE JUDGE RIEDLINGER** |
| | : | |
| | : | |

### FIRST AMENDED ANSWER AND COUNTERCLAIM

NOW INTO COURT, through undersigned counsel, come defendants and counterclaim plaintiffs Regency 14333, LLC ("Regency") and Master Tenant, LLC ("Master") (collectively, "counterclaim plaintiffs") who, pursuant to Federal Rule of Civil Procedure 13(a) and 28 U.S.C. §1367, and subject to the rights of Regency 14333 Tenant, LLC ("Tenant"), a debtor in Chapter 11 bankruptcy, and the applicability of the automatic stay with respect to actions pertaining to such Tenant, respectfully submit the following First Amended Answer and Counterclaim against plaintiff, Baton Rouge Total Care, a Louisiana Limited Partnership ("BRTC" or "counterclaim defendant"):

### ANSWER

Subject to the limitations imposed by the bankruptcy of Tenant, defendants respond to BRTC's Complaint ("Complaint") by denying every allegation therein except as specifically admitted as follows:

1.

The allegations contained in paragraph 1 of plaintiff's Complaint are denied, except to admit that Regency 14333, LLC and Regency 14333 Tenant LLC are limited liability companies

- 1 -

that are formed under Delaware law and are admitted to do business in Louisiana, that Master Tenant LLC is formed under Delaware law, and that Harris Schwartzberg is a resident of the State of New York.

2.

The allegations contained in paragraph 2 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in paragraph 3 of plaintiff's Complaint are denied, except to admit that a nursing center known as "Regency Place" exists.

4.

The allegations contained in paragraph 4 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

5.

The allegations contained in paragraph 5 of plaintiff's Complaint are denied as written. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

6.

The allegations contained in paragraph 6 of plaintiff's Complaint are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in paragraph 7 of plaintiff's Complaint are admitted. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

8.

The allegations contained in paragraph 8 of plaintiff's Complaint are denied.

9.

The allegations contained in paragraph 9 of plaintiff's Complaint are denied.

10.

The allegations contained in paragraph 10 of plaintiff's Complaint are denied.

11.

The allegations contained in paragraph 11 of plaintiff's Complaint are denied.

12.

The allegations contained in paragraph 12 of plaintiff's Complaint are denied.

13.

The allegations contained in paragraph 13 of plaintiff's Complaint are denied.

14.

The allegations contained in paragraph 14 of plaintiff's Complaint are denied. Furthermore, the referenced exhibit is the best evidence of its terms and contents.

15.

The allegations contained in paragraph 15 of plaintiff's Complaint are denied.

16.

The allegations contained in paragraph 16 of plaintiff's Complaint are denied.

17.

The allegations contained in paragraph 17 of plaintiff's Complaint are denied.

18.

The allegations contained in paragraph 18 of plaintiff's Complaint are denied.

19.

The allegations contained in paragraph 19 of plaintiff's Complaint are denied.

20.

PD.12021627.2

The allegations contained in plaintiff's prayer are denied.

## AFFIRMATIVE DEFENSES

1.

Plaintiff's Complaint fails to state a cause of action against some or all of the defendants.

2.

Plaintiff has failed to perform its obligations under the Lease, as amended, and associated documents.

3.

Defendants contend that the Lease, as amended, was further modified through the parties' course of dealing and by the parties' further agreement.

4.

Defendants are entitled to protection by the defenses of waiver, laches, estoppel, and settlement and compromise.

5.

Plaintiff's claims are barred, in whole or in part, due to plaintiff's own conduct.

6.

Plaintiff's recovery, if any, is limited to the recovery afforded by the laws under which it asserts its claims.

7.

Some or all of the damages allegedly suffered by plaintiff, if any, were occasioned, if at all, by acts or omissions of plaintiff.

8.

Plaintiff's damages, if any, may be due to the acts or omissions of third parties over whom defendants had no control or right of control.

- 4 -

9.

Plaintiff  failed to mitigate the damages it claims in this action.

10.

In the event this Court finds that defendants are liable to plaintiff for any alleged damages, which is specifically denied, defendants are entitled to an offset of plaintiff's alleged damages by any and all other amounts of damages plaintiff suffered as a result of its failure to mitigate its alleged damages and any and all amounts of damages plaintiff caused itself by its own acts or omissions.

11.

In the event this Court finds that defendants are liable to plaintiff for any alleged damages, which is specifically denied, the legal fault, negligence, and want of care on the part of plaintiff contributed to the causation of any alleged injury or damage to plaintiff and comparatively reduces any liability on the part of defendants.

12.

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or further investigation.

## **COUNTERCLAIM**

Subject to the limitations imposed by the bankruptcy of Regency 14333 Tenant, LLC ("Tenant"), defendants Regency 14333, LLC ("Regency") and Master Tenant, LLC ("Master"), now appearing as counterclaim plaintiffs, respectfully assert the following Counterclaim pursuant to Federal Rule of Civil Procedure 13(a):

1.

This Court has original jurisdiction over the main demand pursuant to 28 U.S.C. §1332 because the parties are diverse and the amount in controversy is met, as pled in counterclaim

- 5 -

plaintiffs' Notice of Removal.  Specifically, counterclaim plaintiffs (defendants in the main demand) are citizens of states other than Louisiana, as follows:

(1) Regency has one member, Westside Louisiana Holdings, LLC. Westside Louisiana Holdings LLC has one member, Westside  Houses, Inc., whose citizenship is determined by its place of incorporation and principal place of business, both of which are New York;

(2) Master's members are Florence Schwartzberg and Albert Schwartzberg, who are domiciliaries of Florida, and Alan Witt, who is a domiciliary of Illinois, and the Steven Schwartzberg 2003 Trust, the Judith Schwartzberg 2003 Trust, and the Harris Schwartzberg 2003 Trust, which trusts are organized under the laws of New York and controlled by the following active trustees: Albert Schwartzberg and Florence Schwartzberg, which trustees are domiciliaries of Florida.

2.

Subject to the limitations imposed by the bankruptcy of Tenant, BRTC (plaintiff in the main demand) is hereby made counterclaim defendant herein and is a resident of Louisiana because its underlying members are residents of Louisiana.  BRTC's claims exceed $75,000 exclusive of interests and costs.  Thus, this Court has original jurisdiction over the main demand.

3.

Subject to the limitations imposed by the bankruptcy of Tenant, and as set forth more fully below, counterclaim plaintiffs' claims are so related to the claims in the main demand within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. More than $75,000 is in controversy in this counterclaim. Thus, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over this counterclaim.

4.

In or about January, 2004, counterclaim plaintiffs' predecessor in interest and BRTC entered into a Lease ("Lease") of Regency Place, an assisted living facility in Baton Rouge. Thereafter, the Lease was subject to an assignment and assumption, in which counterclaim plaintiff Regency was assigned all of its predecessor's rights, title, benefits, privileges, and interests to, and assumed certain of its predecessor's obligations and liabilities under, the Lease. *See* the Lease and associated documents, attached to the Notice of Removal at Record Doc. 1-2, p. 6 *et seq.*

5.

Counterclaim plaintiffs Tenant and Master became sub-lessees of or co-lessees with Regency subject to the Lease's terms, as amended, and Tenant operated the facility.

6.

Lease Section 8.2 provides:

**Tenant shall, throughout the term of this Lease, at Tenant's sole cost and expense, promptly comply with all laws and ordinances and notices, orders, rules, regulations and requirements of all federal, state and municipal governments and appropriate departments, commissions,** boards, agencies and officers thereof, and notices, orders, rules and regulations of the National Board of Fire Underwriters, or any other body now or hereafter constituted exercising similar functions, **relating to all or any part of the [Leased] Premises, exterior as well as interior,** foreseen or unforeseen, ordinary as well as extraordinary, structural as well as non-structural, or to the use or manner of use of the [Leased] Premises **or to the sidewalks, parking areas, curbs and access ways,** if any, adjoining the [Leased] Premises.  Without limiting the generality of the Tenant [sic] shall keep in force at all times all licenses, consents and permits necessary for the lawful use of the [Leased] Premises for the purposes herein provided and the Tenant shall pay all personal property taxes, income taxes, license fees, and other taxes which are or may be assessed, levied or imposed upon the Tenant in connection with the Tenant's operation of its business upon the [Leased] Premises.  The Tenant shall likewise observe and comply with the requirements of all policies of public liability, fire and other policies of insurance at any time in force with respect to the [Leased] Premises.  **Should Tenant in its sole discretion choose not to make repairs or upgrades, then Landlord may make them at Landlord's sole expense or Tenant may terminate this Lease.**

- 7 -

(emphasis added)  Record Doc. 1-2 at p. 17.

7.

The leased premises are not in compliance with, and material and substantial repairs and upgrades to the facilities' premises and parking areas are required for compliance with, "laws and ordinances and notices, orders, rules, regulations and requirements of all federal, state and municipal governments and appropriate departments, commissions, boards, agencies and officers thereof" (hereafter referred to as "Applicable Law"). Thus, Lease Section 8.2 addresses the rights of the lessee(s) in such circumstances.

8.

Subject to the rights of Tenant and the limitations imposed by the Tenant's pending bankruptcy proceedings, and pursuant to Lease Section 8.2, counterclaim plaintiffs, in their sole discretion, have chosen not to make the repairs and/or upgrades to the premises subject to the Lease which would be required for compliance with Applicable Law.

9.

Subject to the rights of Tenant and the limitations imposed by the Tenant's pending bankruptcy proceedings, counterclaim plaintiffs thus seek a judgment declaring that the Lease is terminated.

10.

Counterclaim defendant warranted in Lease Section 23 that the premises subject to the Lease met all applicable minimum standards required by law.  *See* Record Doc. 1-3, p. 15.

11.

The failure of the premises subject to the Lease to meet the standards imposed by law is a violation of counterclaim defendant's warranty contained in Lease Section 23.

12.

Counterclaim plaintiffs are entitled to, and hereby make demand for, the attorney's fees they have incurred and are incurring in having to bring this action pursuant to Lease Section 25.  *See* Record Doc. 1-3, pp. 15-16.

13.

Counterclaim plaintiffs file this counterclaim in order to comply with this Court's deadlines.  Counterclaim plaintiffs do not intend for this matter to be tried until the rights of Tenant and the limitations imposed by Tenant's pending bankruptcy proceedings are addressed.

WHEREFORE, counterclaim plaintiffs Regency 14333, LLC and Master Tenant, LLC, subject to the rights of Regency 14333 Tenant, LLC and the limitations imposed by Tenant's pending bankruptcy proceedings, pray that, after due proceedings, there be judgment rendered in their favor and against counterclaim defendant, declaring that the Lease, as amended, is terminated.  Counterclaim plaintiffs further pray that they be awarded damages and all other just and equitable relief to which they may be entitled, including but not limited to, attorneys' fees and costs.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:     */s/ Jonathan C. Benda*
Jonathan C. Benda, Bar Roll No. 17464
Susan W. Furr, T.A., Bar Roll No. 19582
Betty Burke Uzee, Bar Roll No. 29113
II City Plaza • Suite 1100
400 Convention Street
Baton Rouge, Louisiana 70802
Telephone: (225) 346-0285
Telecopier: (225) 381-9197
E-mail: Jon.Benda@phelps.com
Susie.Furr@phelps.com
Betty.Uzee@phelps.com

ATTORNEYS FOR DEFENDANTS AND
COUNTERCLAIM PLAINTIFFS

- 9 -

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing pleading has been served on this 14th day of August, 2014, to all counsel of record by the Court's CM/ECF system.

*/s/  Jonathan C. Benda*

PD.12021627.2