UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE TOTAL CARE CENTER,
A LOUISIANA LIMITED PARTNERSHIP

CIVIL ACTION

VERSUS

NO. 14-168-JWD-SCR

REGENCY 14333, ET AL.

## RULING ON MOTIONS TO DISMISS

This case came before the Court on the Motion to Dismiss filed by Harris Schwartzberg (R.Doc. 20) and the Motion to Dismiss filed by Albert Schwartzberg (R.Doc. 21). Both Motions to Dismiss asserted a limited appearance and seek dismissal pursuant to Fed.R.Civ.P. 12(b)(4) and (5) for insufficient process and insufficient service of process. Neither motion is opposed. For the reasons articulated below, the Court grants the motions to dismiss.

1. Background

Harris Schwartzberg and Albert Schwartzberg (collectively, "Defendants") argue that the Plaintiff Baton Rouge Total Care Center, a Louisiana Limited Partnership ("Plaintiff") violated Fed.R.Civ.P. 4 in two ways. First, the parties received via process an unsigned, uncertified petition with no summons. Second, the plaintiff failed to have the summons and complaint served within the time allowed by Rule 4(m), or 120 days of the filing of the complaint.

2. Discussion

"An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, therefore, a Rule 12(b)(4) motion is proper only to

challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." 5B Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1353 (3d ed.). Conversely, a "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint." *Id.*

"The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metropolitan Transit Authority*, 213 Fed. Appx. 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1345 (5th Cir. 1992)).

Here, Plaintiff has submitted no evidence demonstrating the validity of service. Defendants have submitted an unsigned and undated copy of the Petition for Past Due Rents, a Notice of Removal dated March 24, 2014, and what purports to be letters dated June 30, 2014, from counsel for Plaintiff to counsel for Defendants. These documents are not authenticated and thus cannot be considered for this motion. On this ground alone, the motion should be granted.

Even if properly authenticated, if Defendants are correct and these were the only documents served on them, then such documents are insufficient to accomplish service. 28 U.S.C. § 1448 provides:

> In all cases removed from any State court to any district court of the United States in which any one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court. …

Thus, under 28 U.S.C. § 1448, after removal Plaintiff can still accomplish service if such service is proper in the same manner as in cases originally filed in such district court.

Rule 4(e)(1) provides that individuals may be served in a judicial district of the United States by "following state law for serving summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Louisiana Long Arm requires a certified copy of the citation and of the petition to be sent by counsel for the plaintiff to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier, when the person to be served is located outside of this state. La. R.S. 13:3204. Thus, the evidence in the record fails to reflect that a certified copy of the citation and the petition were used. Further, Plaintiff has failed to make a showing that service was proper under New York law. Accordingly, the Motions to Dismiss for insufficient process should be granted.

The Motions to Dismiss for insufficiency of service of process should be granted as well. According to the Notice of Removal, the Petition for Past Due Rents was filed on or about February 13, 2014. Service was not even attempted until the June 30, 2014, letters, which was at least one hundred, thirty-seven days after the Petition was filed. This is well beyond the 120 day requirement in Rule 4(m).

3. **Remedy**

The remaining question then is the remedy. Our brother in the Western District has explained:

> The "general rule" is that " 'when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.' " *Gregory v. United States Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir.1991) (quoting *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n. 2 (10th Cir.1983)); see also 5A Wright & Miller, § 1354, at 289–90 (explaining that where the propriety of service is unclear, "the simplest solution ... is to quash process and allow plaintiff another opportunity to serve defendant"). At the same time, dismissal without opportunity to cure is appropriate where proper service would be futile. See id.; 5A Charles A. Wright & Arthur R. Miller, § 1354, at

289. Proper service would be futile, for instance, where this court would not have personal jurisdiction over the defendant.

*Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F.Supp.2d 746, 750 (W.D.La. 2000). Further, when the 120-day time period for service of process has passed, the opportunity to cure plaintiffs' ineffective service has also passed. *Adams v. Columbus Lumber Co., LLC¸* No. 3:10CV475TSL-MTP, 2011 WL 1899805 (S.D.Miss. May 19, 2011). Thus, dismissal is warranted here.

Further:

> Under Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served within 120 days after a complaint is filed. Thompson v. Brown, 91 F.3d 20, 21 (5th Cir.1996). However, if a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. Id. Moreover, even if good cause is lacking, the court has discretionary power to extend time for service. Id. Such relief may be warranted, "for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." Fed.R.Civ.P. 4(m) advisory committee's note (1993).

*Adams*, 2011 WL 1899805, at *1 (quoting *Newby v. Enron Corp.*, No. 06-20568, 2008 WL 2605118, at *2 (5th Cir. July 2, 2008). Thus dismissal without prejudice is warranted here, particularly because the plaintiff has failed to show any good cause for the Court's exercise of its discretionary power to extend the time for service.

Accordingly, because the 120-day time period has lapsed, and because Plaintiff offers no argument to the contrary, the Court hereby dismisses the claims against Albert Schwartzberg and Harris Shawartzberg. The dismissal should be and is without prejudice.

4. **Conclusion**

Thus,

IT IS ORDERED that the Motion to Dismiss filed by Harris Schwartzberg (R.Doc. 20) and the Motion to Dismiss filed by Albert Schwartzberg (R.Doc. 21) are GRANTED, and

IT IS FURTHER ORDERED that all claims by Plaintiff against Harris Schwartzberg and Albert Schwartzberg are dismissed without prejudice.

Signed in Baton Rouge, Louisiana, on <u>November 6, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**